■ In the Matter of GUY R. RUOCCO, Respondent, v ROBERT J. McGUIRE, as Police Commissioner of the City of New York, et al., Appellants. — Order of the Supreme Court, New York County (Price, J.), entered January 22, 1982, denying the motion of respondents-appellants to vacate a prior default judgment in this CPLR article 78 proceeding which granted petition and directed respondents to retire petitioner on accidental disability pension, reversed, on the law and on the facts and in the exercise of discretion, without costs, and the matter remanded for further proceedings. A previous article 78 proceeding by petitioner, challenging a determination of the board of trustees retiring petitioner on an ordinary disability pension and denying him retirement on an accidental disability pension, had been granted to the extent of vacating the order and remanding for reconsideration by the medical board and board of trustees upon petitioner's submission of further medical evidence. For reasons wholly unexplained in this record, petitioner failed to submit the further

medical evidence contemplated by the previous order. Notwithstanding the unexplained omission, petitioner commenced a new article 78 proceeding seeking again to be retired on accidental disability pension. The proceeding was adjourned twice with the consent of the Assistant Corporation Counsel to permit petitioner an opportunity to secure new medical evidence and submit it to the medical board. The default occurred when the Corporation Counsel did not appear on the third date because of a trial engagement, it having been understood that petitioner's counsel would seek a third adjournment, an adjournment violative of a court practice. Under these circumstances we think it was an improvident exercise of discretion for Special Term to refuse to vacate the prior default judgment entered because of the Corporation Counsel's failure to appear. Concur — Sandler, J. P., Carro, Milonas and Kassal, JJ.